IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RHONDA MARTZ                                                                    PLAINTIFF


v.                                         CIVIL NO. 25-cv-04035


FRANK BISGNANO, Commissioner                                    DEFENDANT
Social Security Administration

### <u>MEMORANDUM OPINION</u>

Plaintiff, Rhonda Martz, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on August 5, 2021. (Tr. 158). In her application, Plaintiff alleged disability beginning on March 1, 2019, due to nervous synthetic[sic] lupus, organ system lupus, rheumatoid arthritis, a heart condition, migraines, depression, anxiety attacks, osteoarthritis, degenerative disc disease, and poor kidney function. (Tr. 158, 355). An administrative hearing was held via telephone on December 6, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 214–240). A vocational expert ("VE") also testified.  *Id*.

On April 23, 2024, the ALJ issued an unfavorable decision. (Tr. 155–169).  The ALJ found that Plaintiff last met the insured status requirements of the Act on March 31, 2023. (Tr. 161). The ALJ found Plaintiff suffered from the following severe impairments: cervical spine degenerative

disc disease, rheumatoid arthritis, discoid lupus, gastroesophageal reflux disease, and anemia. (Tr. 161–163). The ALJ did not determine whether Plaintiff's migraines were a severe impairment at step two, omitting any discussion of either migraines or more generally headaches. *Id*. The ALJ found Plaintiff's impairments of depressive disorder, depression, and hyperlipidemia were not severe. *Id*. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 163–164). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally stoop, crouch, crawl, climb ramps/stairs and kneel; and she cannot climb ladders, ropes, or scaffolds. The claimant cannot work in proximity to unprotected heights and dangerous moving machinery. She can use foot controls occasionally.
> (Tr. 164–168).

The ALJ found Plaintiff had no past relevant work, but, with the assistance of the VE, found Plaintiff could perform the representative occupations of mailroom sorter, dry cleaner, or housekeeper. (Tr. 169). The ALJ found Plaintiff was not disabled from March 1, 2019, through March 31, 2023, the date last insured. *Id*.

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred in in failing to find Plaintiff's migraine headaches severe at step two; 2) whether the ALJ's RFC determination was supported by substantial evidence where he relied solely on the opinions of nonexamining physicians; and 3) whether the ALJ erred in finding Plaintiff could perform other work at step five based upon a faulty RFC determination. (ECF No. 10). Defendant argues that the Plaintiff has not carried her burden at step two establishing that her migraine headaches are severe and points out that the ALJ acknowledged a hospital visit in April of 2019 for migraines. (ECF No. 12). Defendant argues the overall record supports the ALJ's RFC findings, and that the decision shows the function was properly performed. *Id*. Defendant argues that as the ALJ's RFC findings were appropriate, the hypothetical to the VE was also appropriate and there was no error at step five. *Id*.

Of particular concern to the undersigned is the ALJ's failure to consider Plaintiff's migraines and what, if any, limitations they may impose on her RFC. The ALJ did not consider Plaintiff's migraines in any way at step two, despite finding other impairments to be nonsevere, neither migraines nor headaches were discussed at step two. (Tr. 161–163). At step three, the ALJ considered listings 1.15, 1.16, 1.18, 14.02, and 7.02, accounting for Plaintiff's anemia, lupus, rheumatoid arthritis, and degenerative disc disease. (Tr. 163–164). The ALJ did not consider any

listings related to migraines. *Id*. In the RFC determination, the ALJ referred to headaches a total of three times and did not discuss Plaintiff's migraine treatment in depth. (Tr. 164–168). However, Defendant is correct in stating that the ALJ included one paragraph referencing Plaintiff's April of 2019 visit at Howard Memorial Center and stating the results of her MRI which took place in May of 2019. (Tr. 165).

While it is not reversible error to fail to find an impairment severe at step two so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step two and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). Here, Plaintiff's migraines were omitted at step two, and the discussion in the RFC was minimal and failed to reconcile differences between the medical opinions found persuasive and the ultimate RFC determination.

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*. Here, the ALJ had several medical opinions which addressed Plaintiff's migraine headaches, but he did not

discuss those portions of the opinions and did not adopt the limitations opined or explain why he did not adopt certain limitations.

Nonexamining physician, Lucy Sauer, M.D., reviewed Plaintiff's medical records and offered opinion evidence on January 18, 2022. (Tr. 241–246). Dr. Sauer opined that Plaintiff would have no environmental limitations and listed a history of migraines. *Id*. On November 2, 2022, Plaintiff's records were considered by nonexamining physician, Darrin Campo, M.D., who opined Plaintiff's migraines were a medically determinable impairment which were treated to a non-listing level frequency with medication and Plaintiff would have environmental limitations—avoiding concentrated exposure to noise, vibration, and hazards—due to her migraines. (Tr. 254–255). The ALJ did not address either of these opinions' treatment of Plaintiff's migraines, nor did he discuss the differences between the opinions. The ALJ did not adopt Dr. Campo's opined limitations regarding noise and vibration but failed to acknowledge this or explain why these limitations were not adopted despite finding both nonexamining doctor's opinions to be generally persuasive and consistent with the medical record. (Tr. 167, 255).

In January of 2024, Dr. Anjay Krishnan completed a medical interrogatory, which was considered and found to be generally persuasive by the ALJ. (Tr. 167, 905–914). Similarly to Dr. Campos, Dr. Krishnan found Plaintiff suffered from migraine headaches and would have temperature, vibration, and noise restrictions. (Tr. 909). Dr. Krishnan listed Plaintiff's impairments as: seronegative rheumatoid arthritis, migraine headaches, cachexia, GERD, iron deficiency anemia, and degenerative disc disease; and then under a new heading of "non-severe" Dr. Krishnan listed hypertension. (Tr. 912). The plain meaning of this response is that Dr. Krishnan considered Plaintiff's migraines to be a severe impairment. The ALJ did not address this finding, and did not

state that he disagreed with Dr. Krishnan's opinion that Plaintiff would have environmental restrictions, or provide any reasoning as to why he might disagree.

The ALJ did not acknowledge, either at step two or in the RFC assessment, that Plaintiff's migraines were considered by any physician in the opinion evidence. The ALJ did state that the DDS physicians included restrictions in exposure to vibration, noise, and hazards. (Tr. 167). The ALJ did not address the fact that these restrictions were not included in the RFC findings, nor did he harmonize the lack of limitations related to Plaintiff's migraines with the record—including medical opinions that he found persuasive. (Tr. 164–168).

Here, it is unclear why migraines were omitted at step two and the limitations associated with Plaintiff's migraines were not addressed in the RFC determination, despite medical opinion evidence indicating that there would be limitations. The ALJ did not adopt these limitations and did not provide reasoning as to why these limitations were omitted. Therefore, the Court finds remand is necessary for the ALJ to more clearly consider the Plaintiff's migraines and the impact they may have on her RFC. *See St. Clair v. Colvin*, 12-cv-4250, 2013 WL 4400832, at *2 (W.D. Mo., Aug. 14, 2013) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) ("This court upholds an ALJ's decision if the evidence supports the decision and the ALJ explains [his] analysis of the evidence with enough detail and clarity to permit meaningful review ... Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion[.]") (internal citations omitted).

## IV.    Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 1st day of December 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE